IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON MORGAN TRUCKING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE COMMERCIAL )<br>INSURANCE d/b/a PROGRESSIVE )<br>NORTHERN INSURANCE CO., )<br>)<br>Defendant. )<br>) | Case No. CIV-24-067-RAW-GLJ |

# ORDER

This matter comes before the Court on the motion of Plaintiff Jason Morgan Trucking, LLC to quash subpoena duces tecum Defendant issued to a nonparty. Specifically, Defendant issued a subpoena duces tecum to First United Bank & Trust Durant Branch seeking Plaintiff's loan file for a particular loan. The Court referred this case to Magistrate Judge Steven P. Shreder for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Docket No. 24. On July 17, 2025, the Court reassigned the matter to the undersigned Magistrate Judge. Docket No. 48. For the reasons set forth below, Plaintiff's Motion to Quash Subpoena Duces Tecum Issued to Non-Party First United Bank and Trust Durant Branch [Docket No. 39] is hereby DENIED.

## BACKGROUND

This action arises out of an insurance claim Plaintiff made to Defendant for damage sustained to one of Plaintiff's semi-trucks. Plaintiff asserts claims for breach of contract and breach of the duty of good faith and fair dealing. On June 16, 2025, Defendant issued a subpoena duces tecum to nonparty First United Bank & Trust Durant Branch in Durant, Oklahoma, for the following:

> All documents related to the loan ending in 8021 to Jason Morgan Trucking, LLC, including any and all UCC filings, loan applications, appraisals, photos, and any other documents from 2020 to the present.

*See* Docket No. 39, Ex. 2. Defendant directed that the requested documents were to be produced at its attorney's office in Oklahoma City. *Id*. Plaintiff moves to quash the subpoena because it seeks irrelevant information and because it seeks the production of documents at a location more than 100 miles from where the subpoenaed entity is located.

## ANALYSIS

**I.     Plaintiff's Standing**

The Court must first determine whether Plaintiff has standing to challenge the subpoena. A party generally lacks standing under Fed. R. Civ. P. 45(d)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *E.E.O.C. v. Unit Drilling Co.*, 2014 WL 130551, *3 (N.D. Okla. Jan. 13, 2014). A party generally does not have standing to object to a subpoena served on a nonparty on grounds of the undue burden imposed on the nonparty, especially where the nonparty itself has not objected. *Id*. Nonetheless, a party may have standing where a privacy interest in its personal financial affairs is at issue in the

requested discovery. *See, e.g.*, *Martinez v. Nationwide Affinity Ins. Co. of American*, 2023 WL 3865717, at *2 (D. Colo. June 7, 2023) (finding standing to quash subpoena issued to nonparty banks); *In re Capuccio*, 558 B.R. 930, 933 (Bankr. W.D. Okla. 2016) ("Although the Tenth Circuit has not expressly addressed [this question], courts have held that individuals whose banking records are subpoenaed 'have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'") (quotations and citation omitted); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (finding defendant "has a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas").

Even if Plaintiff does not have standing to quash the subpoena, however, the Court has inherent authority and responsibility to control the scope of discovery.

> In cases where a moving party lacks standing to challenge a third-party subpoena, a court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests pursuant to Federal Rule of Civil Procedure 26(b)(2)(C). *See* Fed. R Civ. P. 26(b)(2)(C)(iii) (explaining that court "must limit the frequency or extent of discovery" if court determines that proposed discovery is outside the scope permitted by Rule 26(b)(1)); *Gov't Employees Ins. Co. v. Trnovski*, 2018 WL 5281424, at *3 (D. N.J. Oct. 23, 2018) ("Although the Court finds that defendants lack standing to quash the Subpoenas, the Court will nevertheless address whether the information that Plaintiffs seek is relevant under Rule 26.").

*Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *3 (N.D. Okla. Feb. 28, 2020).

The subpoena clearly seeks bank records of Plaintiff that involves financial information that invokes its privacy interests. Moreover, even if Plaintiff did not have standing to quash the request for the requested information, the Court has the inherent

authority to control discovery to determine whether the requested documents should be subject to discovery in this case.

## II.     Meet & Confer Requirement

Any attempt to quash a subpoena issued pursuant to Rule 45 is covered by LCvR 7.1(f), which provides that, "[w]ith respect to **all** non-dispositive motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."

The Motion is silent as to any attempt to meet and confer in compliance with LCvR 7.1(f) and Defendant's Response specifically asserts no such conference occurred. As such, Plaintiff failed to comply with its obligation under LCvR 7.1(f) and the Motion is denied on such grounds.

## III.     Motion to Quash

Even if Plaintiff had complied with its meet and confer obligations, and in the interest of efficient use of judicial resources, the undersigned Magistrate Judge denies the Motion. Plaintiff first argues the subpoena should be quashed because it seeks irrelevant information from the nonparty bank. Specifically, Plaintiff argues the loan file is irrelevant because Defendant is aware of the value of the subject truck because it insured it for $40,000 and charged Plaintiff premiums based on that value. *See* Docket No. 39, p. 5. Defendant argues that the loan file is relevant to determine the maximum amount payable under the policy because the policy limits the coverage the lesser of the loan balance or the

stated amount when both exceed the vehicles actual cash value. *See* Docket No. 45, p.3. Defendant further argues that the loan file is relevant because of Plaintiff's reciprocal obligation to it to provide true financial information during the claims process and there is some question as to the true value of the subject truck. *Id.*, pp. 4-5.

> Federal Rule of Civil Procedure 26(b)(1) provides that:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26(b)(1) is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights" of the parties. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). In other words, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin International, Inc.*, 339 F.R.D. 171110 Fed.R.Serv.3d 538 (D. Kan. (2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is

of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). But "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id*.

Although the relevance of the requested loan file is not readily apparent, Defendant meets its burden to show its relevance. First, as noted by Defendant, the failure of Plaintiff to provide complete and accurate information during the claims process may serve as a defense because the insurer's actions:

> must be assessed in light of all the facts known and knowable concerning the claim at the time [plaintiff] requested [insurer] to perform its contractual obligations." *Buzzard v. McDanel*, 736 P.2d 157, 159 (Okla. 1987) (emphasis added); *see also Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1439 (10th Cir. 1993) ("Whether an insurer's actions reasonably give rise to an inference of bad faith must be determined 'in light of all facts known or knowable concerning the claim' at the time plaintiff requested the company to perform its contractual obligation."); *Conti v. Republic Underwriters Ins. Co.*, 782 P.2d 1357, 1362 (Okla. 1989); *Sims v. Travelers Ins. Co.*, 16 P.3d 468, 471 (Okla. Civ. App. 2000). Thus, an insured's failure to timely provide, or withholding of, vital information may provide a defense to bad faith. *First Bank of Turley v. Fid. & Dep. Ins. Co. of Md.*, 928 P.2d 298, 308-09 (Okla. 1996); *see also Perry v. Safeco Ins. Co. of Am.*, No. 18-CV-539-TCK-FHM, 2020 WL 1180726, at *5 (N.D. Okla. Mar. 11, 2020) (quoting *Garret v. Fairfield Ins. Co.*, Case No. 02-367-P, 2003 WL 23274567, at *12 (E.D. Okla. Oct. 22, 2003)) ("[A]n insured's failure to provide information critical to the insurer's consideration of the claim may 'serve as a defense to defeat liability or . . . to reduce recovery.'"); *Dennis v. Progressive N. Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 3489317, at *3 (W.D. Okla. Apr. 9, 2018) (discussing motion in limine directed to relevant time frame for assessing bad faith).

*Hellard v. Mid Century Ins. Co.*, 2021 WL 372571, *3 (N.D. Okla. Feb. 3, 2021). Defendant argues that the loan balance on the truck is a key factor in calculating the

maximum potential payout under the policy and that the loan file will shed light on this issue. Second, there is some dispute as to the actual loan value of the subject truck that makes the loan file relevant.

As noted above, the scope of discovery is broad. Moreover, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Defendant demonstrates that the loan file is relevant to its potential defenses in this case and the limited nature of the request is proportional to the issues in this case. Therefore, the loan file is relevant and discoverable.

Plaintiff also argues the subpoena should be quashed because it violates Fed. R. Civ. P. 45(c)(2)(A) by seeking the production of documents more than 100 miles from the bank's location. Plaintiff argues that the bank is more than 100 miles from Defendant's lawyer's office, which is where the documents are to be produced pursuant to the subpoena. *See* Docket No. 39, Ex. 4. Defendant responds that the 100-mile limitation is inapplicable if the subpoena does not require physical attendance. *See* Docket No. 45, p. 8.

[D]istrict courts within the Tenth Circuit have consistently concluded the 100-mile limitation is inapplicable if the subpoena does not require physical attendance. *Hernandez v. Kolkman*, 347 F.R.D. 551, 557 (D. Utah 2024) (collecting cases). While the subpoena does not specifically state that the loan failed should or can be sent to Defendant's counsel electronically, it clearly seeks only the production of documents and does not require any bank personnel to appear. Therefore, the subpoena does not violate the 100-mile limitation.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Quash Subpoena Duces Tecum Issued to Non-Party First United Bank and Trust Durant Branch [Docket No. 39] is hereby DENIED.

**DATED** this 23rd day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**